IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TODD W. BOYES,

        Plaintiff,

v.                                      CIVIL ACTION NO. 2:18-cv-01247

ROBERT PICKENPAUGH,
     Sheriff, Noble County, Ohio et al.,

        Defendants.

**ORDER**

    Before the Court is Defendant Robert Pickenpaugh's Motion to Dismiss. (ECF No. 21.) By Standing Order entered on January 4, 2016, and filed in this case on August 23, 2018, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). (ECF No. 5.) On July 17, 2019, Magistrate Judge Tinsley entered his PF&R, recommending that the Court grant Defendant Robert Pickenpaugh's Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss him as a defendant from this action. (ECF No. 57.)

    This Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the Plaintiff's right to appeal this Court's order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, the Court need not

conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

This Court entered an order on August 6, 2019, granting Plaintiff an extension to file objections to the PF&R by September 5, 2019. (ECF No. 73.) To date, Plaintiff has failed to submit any objections in response to the PF&R, thus constituting a waiver of *de novo* review and Plaintiff's right to appeal this Court's order.[1]

Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 57), **GRANTS** Defendant Robert Pickenpaugh's Motion to Dismiss, (ECF No. 21), and **DISMISSES** Defendant Robert Pickenpaugh from this action.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 6, 2019

THOMAS E. JOHNSTON, CHIEF JUDGE

---

[1] On August 21, 2019, Plaintiff filed a motion for leave to amend his complaint. (ECF No. 76.) Under Federal Rule of Civil Procedure 15(a), "leaves to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of [Plaintiff], or amendment would be futile." *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009) (citation omitted). Plaintiff did not provide a proposed amended complaint nor did he provide any substantive support describing the basis for the amendment. Because Plaintiff's motion does not "state with particularity the grounds for seeking" leave to amend as required under Federal Rule of Civil Procedure 7(b)(1)(B), the Court finds that an amendment would be futile. *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (stating the court "may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." (citation omitted)). Accordingly, Plaintiff's Motion for Leave to Amend Complaint is **DENIED**. (ECF No. 76.)