IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TODD W. BOYES,

          Plaintiff,

v.                                                CIVIL ACTION NO.   2:18-cv-01247

ROBERT PICKENPAUGH,
        Sheriff, Noble County, Ohio et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Robert Pickenpaugh's ("Pickenpaugh") Motion to Dismiss. (ECF No. 21.)  By Standing Order entered on January 4, 2016, and filed in this case on August 23, 2018, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). (ECF No. 5.) On July 17, 2019, Magistrate Judge Tinsley entered his PF&R, recommending that the Court grant Pickenpaugh's Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and, further, dismiss him as a defendant from this action. (ECF No. 57.)

        I.       FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff brought this action under 42 U.S.C. § 1983 against Pickenpaugh, the Sheriff of Noble County, Ohio, and three other law enforcement officers with the Charleston, West Virginia Police Department ("CPD"). The factual background is set forth more fully in the PF&R. (ECF

No. 57.) Relevant here, Plaintiff generally claims that on February 25, 2017, while purportedly using drone surveillance, the Ohio State Patrol issued a "Be on the Lookout" ("BOLO") notice for Plaintiff. Plaintiff claims that the CPD defendants, thereafter, spotted Plaintiff in Kanawha County, West Virginia, and used excessive force during an attempt to arrest him in violation of Plaintiff's Fourth, Eighth, and Fourteenth Amendment rights. Plaintiff's sole claim against Pickenpaugh surrounding these events are that Pickenpaugh "authorized and coordinated" the CPD defendants' conduct. (ECF No. 8 ¶ 25.)

The PF&R found that the Amended Complaint fails to state a claim against Pickenpaugh in his official capacity because there are no allegations or facts that establish any policy or custom that was the moving force for the alleged violation of his constitutional rights. To the extent Plaintiff also asserts a claim against Pickenpaugh in his individual capacity, the PF&R found that the Amended Complaint fails to state a claim upon which relief could be granted and that Pickenpaugh is entitled to qualified immunity on Plaintiff's Fourth Amendment claim.

This Court entered an order on August 6, 2019, granting Plaintiff an extension of time to file objections to the PF&R by September 5, 2019. (ECF No. 73.) On August 21, 2019, Plaintiff filed a motion for leave to amend his complaint, (ECF No. 76), but did not provide a proposed amended complaint nor did Plaintiff explain the basis for the amendment. Therefore, on September 6, 2019, this Court denied Plaintiff's motion for leave to amend, (ECF No. 76), adopted the PF&R, (ECF No. 57), granted Pickenpaugh's Motion to Dismiss, (ECF No. 21), and dismissed Pickenpaugh from this action, (ECF No. 88).

Plaintiff then filed untimely objections to the PF&R on September 9, 2019. (ECF No. 89.) Though untimely, the Court will address the merits of Plaintiff's arguments below.

## II. STANDARD OF REVIEW

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In reviewing those portions of the PF&R to which Plaintiff has objected, this Court will consider the fact that Plaintiff is acting pro se, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## III. DISCUSSION

In his objection to the PF&R, Plaintiff realleges conduct on the part of the CPD defendants and contends that Pickenpaugh violated his constitutional rights by directing, authorizing, or agreeing to the use of "military grade drones for secret unconstitutional surveillance." (ECF No. 89 at 4.) In support of this contention, Plaintiff cites *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070 (8th Cir. 2016). He contends that in *Kelly*, "a sheriff was found guilty even though he was not physically present for the offense or physically committed the offence . . . because he 'directed, authorized, or agreed' to the offenses committed by his deputies." (ECF No. 89 at 5.) Plaintiff is misguided.

3

In *Kelly*, the plaintiff brought an action under § 1983 against a city, a former code inspector, and other city officials, all in their official capacities, alleging, among other things, that the code inspector "demand[ed] sexual favors to stop arbitrary enforcement of [city] housing laws." 813 F.3d at 1075. The court of appeals affirmed the district court's conclusion that the plaintiff's allegations of sexual harassment failed to a state a claim because she did not sufficiently allege facts showing that the sexual advancements represented part of a municipal policy or custom supporting such behavior. *Id.* at 1076.

Here, the PF&R thoroughly explains liability under § 1983 with respect to county officials sued in their official capacities:

> [F]or a county [or public officer sued in their official capacity] to be liable under section 1983 for the deprivation of a plaintiff's constitutional rights, the plaintiff must prove that a policy, practice, or custom of the county caused a constitutional deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). The Fourth Circuit has held that a plaintiff is required to establish the following three elements to demonstrate *Monell* liability: (1) a policy maker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *See Belcher v. Oliver*, 898 F.2d 32, 36 (4th Cir. 1990); *see also Burch v. Moore*, No. 5:05-cv-00831, 2007 WL 760527, at *8 (S.D. W. Va. Mar. 8, 2007). "The unconstitutional conduct must be directly attributable to the political subdivision through some sort of official action or imprimatur; [and,] isolated or single events of unconstitutional actions by employees will almost never trigger liability." *Burch*, 2007 WL 760527, at *8 (citing *Monell*, 436 U.S. at 694).

(ECF No. 89 at 7–8.)

Plaintiff asserts that the Amended Complaint alleges conduct on the part of Pickenpaugh that occurred prior to August 23, 2016, to show a practice or custom of misconduct.[1] The problem

---

[1] The Amended Complaint alleges that on or about March 5, 2014, Plaintiff was under surveillance by Pickenpaugh when Plaintiff overdosed on drugs and was reported to the Knox County Sheriff as a suspicious person. (ECF No. 8 at ¶¶ 2–3.) Further, the Amended Complaint alleges that on or about December 2, 2016, Pickenpaugh reported to a car accident scene involving Plaintiff, while he again was purportedly under surveillance, but left without helping Plaintiff. (*Id.* at ¶¶ 10–13.)

is, the purported custom at issue—using a drone for surveillance—is alleged only in reference to Plaintiff's individual experience. That Plaintiff, himself, has been subject to drone surveillance does not constitute a widespread custom. *See Kelly*, 813 F.3d at 1076 (concluding that plaintiff failed to tie her allegations to any widespread policy or custom authorizing those actions); *Teague v. Corr. Corp. of Am.*, No. 117-cv-00890, 2019 WL 1958609, at *3 (S.D. Ind. May 2, 2019) (finding that plaintiff's practice or custom claim, which was based solely on his experience with the defendant, was insufficient to establish a widespread practice). Accordingly, Plaintiff's objection, (ECF No. 89), is **OVERRULED**.

On October 24, 2019, Plaintiff also filed an objection to this Court's Order denying Plaintiff's motion for leave to amend his complaint. (ECF No. 111.) Once again, Plaintiff has provided no basis to amend the complaint nor has he stated how an amendment would cure any deficiencies with relation to his claims against Pickenpaugh. Since the Court is, therefore, unable to determine whether an amendment would be appropriate under Rule 15 of the Federal Rules of Civil Procedure, Plaintiff's objection to this Court's order, (ECF No. 111), is **OVERRULED**.

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections to the PF&R, (ECF No. 89), reaffirms that it **ADOPTS** the PF&R, (ECF No. 57), **GRANTS** Pickenpaugh's Motion to Dismiss, (ECF No. 21), and **DISMISSES** Pickenpaugh from this action. Further, the Court **OVERRULES** Plaintiff's objection to this Court's September 6, 2019 Order, denying Plaintiff's motion for leave to amend. (ECF No. 111.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:      July 7, 2020

THOMAS E. JOHNSTON, CHIEF JUDGE