IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

TODD W. BOYES,

    Plaintiff,

v.                                    Case No. 2:18-cv-01247

J. SIMMONS, et al.,

    Defendants.

## ORDER

Pending before the court are the plaintiff's Motion for Appointment of Counsel (ECF No. 137), his Motion to Compel Subpoenaed Information (ECF No. 147), and his Motion for Initiation of Civil Contempt Proceedings (ECF No. 154). The undersigned will address each motion in turn.

### A.    Motion for appointment of counsel.

The plaintiff has filed a second motion for appointment of counsel. As previously stated when the first motion was denied, the appointment of counsel to represent pro se plaintiffs in civil actions is governed by 28 U.S.C. § 1915(e)(1), which states, in pertinent part: "[t]he court may request an attorney to represent any person unable to afford counsel." The plaintiff has no constitutional right to counsel in this civil action, and appointment of counsel rests within the discretion of the court. A denial of a plaintiff's request for appointment of counsel constitutes an abuse of the court's discretion only if the plaintiff's case presents "exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984) (abrogated on other grounds by *Mallard v. United States Dist. Court*, 490 U.S. 296 (1989)).

To determine whether exceptional circumstances exist, the court must consider (1) the type and complexity of the case, and (2) the abilities of the person bringing the action. *Id*. at 163. The United States Court of Appeals for the Fourth Circuit has held, "[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Id*.; *Gordon v. Leeke*, 574 F.2d 1147, 1173 (4th Cir. 1978).

Based upon the documents filed by the plaintiff and the present procedural posture of this matter, the undersigned **FINDS** that there are presently no exceptional circumstances that would warrant the court seeking counsel to represent the plaintiff. Accordingly, the plaintiff's Motion for Appointment of Counsel (ECF No. 137) is **DENIED WITHOUT PREJUDICE**.

    **B.    Motion to compel response to subpoena and for civil contempt proceedings.**

On October 17, 2019, the Clerk issued a subpoena for the production of documents directed to Chasity Schmelenbach, a non-party, who is allegedly the Director of the Noble County, Ohio EMA, in Caldwell, Ohio. The subpoena sought drone flight data documents for February 25, 2017, the date of the incident giving rise to the plaintiff's claims in this civil action. The return date on the subpoena was November 18, 2019. (ECF No. 108, Attach. 1). A return of service filed by the United States Marshals Service ("USMS") on November 6, 2019 indicates that the subpoena was served by certified mail with a return receipt signed for by a "Karen Shields" on October 28, 2019. (ECF No. 124, Attach. 1).

Presuming that the Noble County Ohio EMA subpoena was properly served by the USMS, the undersigned nevertheless finds that the plaintiff has not demonstrated

the relevance of the requested evidence to his remaining claims. On July 7, 2020, the presiding District Judge dismissed all of the claims against Noble County Sheriff Robert Pickenpaugh. Accordingly, the only remaining claims are excessive force claims against three Charleston police officers arising out of conduct that occurred in Kanawha County, West Virginia. Thus, the undersigned **FINDS** that the requested evidence is not relevant to these remaining claims and that responding to the requested subpoena under the present circumstances of this case would pose an undue burden. Additionally, the undersigned **FINDS** that these circumstances do not justify a finding of contempt of court.

Accordingly, in light of the dismissal of defendant Pickenpaugh and the apparent lack of relevancy of the requested Noble County, Ohio drone flight data to the remaining claims in this matter, pursuant to Fed. R. Civ. P. 45(d)(3)(iv), it is hereby **ORDERED** that the subpoena directed to Chasity Schmelenbach, Director of the Noble County, Ohio EMA, is **QUASHED** and no further response is necessary. It is further **ORDERED** that the plaintiff's Motion to Compel Subpoenaed Information (ECF No. 147) and his Motion to Initiate Civil Contempt Proceedings (ECF No. 154) are **DENIED**.

### C. Lift of stay on and amended scheduling order.

On December 23, 2019, the undersigned entered an Order staying all further deadlines in this matter pending resolution of the outstanding discovery issues. Those matters have been resolved and the parties have had ample time to complete discovery. It is hereby **ORDERED** that the stay is lifted and the parties shall conform to the following schedule:

Motions for summary judgment pursuant to Fed. R. Civ. P. 56 shall be filed by **August 31, 2020**. Pursuant to the holding of *Roseboro v. Garrison*, 528 F.2d 309 (4th

3

Cir. 1975), the *pro se* plaintiff is hereby **NOTIFIED** that he has the right and an obligation to file a response to any motion for summary judgment filed by the defendants, submitting affidavits or statements subject to the penalties of perjury, exhibits, or other legal or factual material supporting his position in the case.

The plaintiff is advised that factual statements in affidavits submitted by the defendants will be accepted as true unless the plaintiff sets forth facts in his response indicating the existence of a genuine or actual dispute of material fact for trial.  In the response, the plaintiff must set out either in his own affidavit or sworn statement, or the affidavits or sworn statements of other witnesses, specific facts that show that the plaintiff and the defendants actually disagree about one or more important facts present in this case.  In the affidavits and exhibits, the plaintiff should address, as clearly as possible, the issues and facts stated in the Complaint and in the affidavits or other evidence submitted by the defendants.

The plaintiff is also advised that a failure to respond to the motion may result in entry of summary judgment denying the relief sought in the Complaint and dismissing the suit.  In preparing a response, the plaintiff should be aware of the fact that a knowing assertion of a falsehood in order to avoid dismissal could, if proven, constitute perjury punishable by law.  Responses to dispositive motions shall be filed by **September 14, 2020**.  Replies to dispositive motions shall be filed by **September 21, 2020.**

The *pro se* plaintiff is further **NOTIFIED** that, pursuant to Local Rule 83.5 of the Local Rules of Civil Procedure for the United States District Court for the Southern District of West Virginia, he must promptly notify the Clerk of Court and any opposing party of any changes in his contact information.  The failure to comply with this

requirement will result in the recommended dismissal of this matter for failure to prosecute.

The Clerk is directed to mail a copy of this Order to the plaintiff and to transmit a copy to counsel of record.

ENTER: July 22, 2020

Dwane L. Tinsley
United States Magistrate Judge