IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TODD W. BOYES,

          Plaintiff,

v.                                                                CIVIL ACTION NO.   2:18-cv-01247

ROBERT PICKENPAUGH,
   Sheriff, Noble County, Ohio et al.,

          Defendants.


**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiff's appeal of United States Magistrate Judge Dwane L. Tinsley's discovery order, (ECF No. 107), entered on October 17, 2019, (ECF Nos. 121, 131). For the reasons stated below, the magistrate judge's order granting in part and denying in part Plaintiff's various discovery motions, (ECF No. 107), is **AFFIRMED**.

On August 23, 2018, Plaintiff, acting pro se, filed this action alleging, as amended on October 26, 2018, violations of his Fourth, Eighth, and Fourteenth Amendment rights against Defendants Robert Pickenpaugh, the Sheriff of Noble County, Ohio; J. Simmons, Travis Hawley, and Steven Webb, law enforcement officials with the Charleston, West Virginia Police Department (collectively, the "CPD Defendants"); and Doe Defendants one through five.   Plaintiff alleges that on February 25, 2017, while purportedly using drone surveillance, the Ohio State Patrol issued a "Be on the Lookout" ("BOLO") notice for Plaintiff.  The CPD Defendants, thereafter, spotted Plaintiff in Kanawha County, West Virginia, and allegedly acted unreasonably "because they shot

without warning or communication in any way." (ECF No. 8 at 11.) Plaintiff further claims that Pickenpaugh "authorized and coordinated" the CPD Defendants' actions, "making him and them liable as co-conspirators." (*Id.* at 14.)

On December 17, 2018, Pickenpaugh filed a motion to dismiss. The magistrate judge entered a proposed finding and recommendation ("PF&R") on July 17, 2019, recommending that this Court grant the motion for failure to state a claim upon which relief could be granted. Subsequently, Plaintiff filed numerous discovery motions pertaining to Pickenpaugh, including a motion for requests for admission, (ECF No. 64), a motion for initial disclosures, (ECF No. 65), a motion for a second set of production of documents, (ECF No. 66), and a set of interrogatories to Pickenpaugh, (ECF No. 67). However, on September 6, 2019, this Court adopted the PF&R and granted Pickenpaugh's motion to dismiss. Since Pickenpaugh was no longer a party to this action, the magistrate judge denied these discovery motions. (ECF No. 107.) The magistrate judge also denied Plaintiff's motion to take Pickenpaugh's deposition, (ECF No. 49), given Plaintiff's incarceration and the fact that Pickenpaugh lives in another state. The magistrate judge, however, noted that Plaintiff is permitted to depose Pickenpaugh through written questions pursuant to Rule 31 of the Federal Rules of Civil Procedure.

In addition to the discovery directed towards Pickenpaugh, Plaintiff also filed a motion for production of documents to Webb, (ECF No. 59), and a motion to compel those responses, (ECF No. 104). The magistrate judge determined that those requests addressed in the motions had been sufficiently answered and, accordingly, denied the motions as moot. The magistrate judge also denied a motion for sanctions Plaintiff filed, asserting that Webb's counterclaim against him was frivolous, (ECF No. 69), given Webb voluntarily dismissed the counterclaim at issue.

Finally, the magistrate judge denied Plaintiff's motion for appointment of counsel, (ECF No. 63), on the basis that no exceptional circumstances existed that would warrant the Court seeking counsel to represent Plaintiff. Plaintiff objects to the magistrate judge's rulings on these motions discussed above.

Rule 72(a) of the Federal Rules of Civil Procedure provides that an aggrieved party may appeal a non-dispositive order of a magistrate judge to the district court within fourteen (14) days after being served with a copy of the decision. The district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "The clearly erroneous standard applies to factual findings, while legal conclusions will be rejected if they are contrary to law." *Neighborhood Dev. Collaborative v. Murphy*, 233 F.R.D. 436, 438 (D. Md. 2005). Under the clearly erroneous standard, the magistrate judge's findings should not be disturbed unless the court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Wooden*, 693 F.3d 440, 451 (4th Cir. 2012) (citing *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)). However, "[w]hen review of a magistrate judge's order turns on a pure issue of law, the district court's review is 'plenary' and ultimately Rule 72(a)'s 'contrary to law' standard is effectively the same as de novo review." *Blankenship v. Brooks Run Mining Co., LLC*, No. 2:14-CV-26268, 2017 WL 1319825, at *1 (S.D. W. Va. Apr. 5, 2017) (citation omitted).

With respect to the motions directed towards Pickenpaugh, Plaintiff objects to the magistrate judge's decision contending that Pickenpaugh may have important information and should be required to respond to discovery. The Federal Rules of Civil Procedure do not allow a party to propound interrogatories, requests for production of documents, and requests for

3

admissions on a non-party. *See* Fed. R. Civ. P. 33(a), 34(a), 36(a)(1). Since Pickenpaugh is no longer a party to this action, he cannot be compelled under the Rules to answer Plaintiff's discovery requests. Nonetheless, as the magistrate judge correctly noted, Plaintiff may obtain relevant information that is proportional to the needs of the case from Pickenpaugh through written questions in accordance with Rule 31. *See* Fed. R. Civ. P. 31(a) (providing, "[a] party may, by written questions, depose any person . . . ."); Fed. R. Civ. P. 26(a)(1) (stating, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."). Thus, Plaintiff is not without a means of discovering information from Pickenpaugh in this case.

Plaintiff further objects that the magistrate judge's decision will cause him prejudice. However, Plaintiff does not articulate any specific reason why the rulings set forth in the discovery order will cause him prejudice nor is the Court aware of any. Thus, because Plaintiff has not established that the magistrate judge's rulings were clearly erroneous or contrary to law, there is no basis to disturb the discovery order. Accordingly, Plaintiff's objections, (ECF Nos. 121, 131), are **OVERRULED**, and the magistrate judge's discovery order, (ECF No. 107), is **AFFIRMED**.

    **IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    August 14, 2020

        THOMAS E. JOHNSTON, CHIEF JUDGE