IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

TODD W. BOYES,

    Plaintiff,

v.                                        Case No. 2:18-cv-01247

J. SIMMONS, *et al.*,

    Defendants.

## ORDER AND NOTICE

Pending before the court are the following motions: Plaintiff's Motion for Sanctions (ECF No. 200); Plaintiff's Motion for Leave to Interpret Liberally (ECF No. 201); Plaintiff's Motion for Voluntary Dismissal of Travis Hawlzy [sic] as Respondent [sic] (ECF No. 202); Plaintiff's Motion to Hold Ruling on Motion for Sanctions in Abeyance (ECF No. 203); Plaintiff's Motion for Extension of Time to Depose Defendant Webb (ECF No. 204); and Plaintiff's Motion to Amend Complaint (ECF No. 205).

**A.    Motion for Voluntary Dismissal of Hawley.**

On April 2, 2021, Plaintiff filed a Motion for Voluntary Dismissal of Travis Hawlzy[1] [sic] as Respondent [sic] (ECF No. 202). However, on April 1, 2021, the presiding District Judge entered an Agreed Order of Dismissal (ECF No. 198), executed by the parties, and dismissed Travis Hawley as a defendant herein. In light of the entry of the Agreed Order

---

[1] In this motion, Plaintiff appears to have misspelled the last name of defendant Travis Hawley. A prior spelling of this defendant's name as "T. Hawly" also remains listed on the style of the docket sheet. In accordance with the prior Agreed Order of Dismissal and this Order, the Clerk is directed to terminate "T. Hawly" as a defendant herein.

of Dismissal, it is hereby **ORDERED** that Plaintiff's Motion for Voluntary Dismissal (ECF No. 202) is **DENIED AS MOOT**.

### B. Motion for Extension of Time to Depose Defendant Webb.

On April 6, 2021, Plaintiff filed a Motion for Extension of Time to Depose Defendant Webb (ECF No. 204), in which he seeks an extension of the April 15, 2021 deadline set by the court for Plaintiff to depose Defendant Steven Webb. However, according to Defendants' response to this motion (ECF No. 206), filed on April 16, 2021, Plaintiff deposed both Defendants Webb and Simmons on April 6, 2021 at the Mount Olive Correctional Complex. Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for Extension of Time to Depose Defendant Webb (ECF No. 204) is **DENIED,** and all remaining deadlines previously set by the court remain in full effect.

### C. Motion to Amend Complaint.

On April 6, 2021, Plaintiff also filed another Motion to Amend Complaint (ECF No. 205), which largely mirrors his previous motion to amend that was denied by the court on January 6, 2021. (ECF No. 184). Defendants' response to this motion emphasizes that Plaintiff is again attempting to assert claims that were previously found to be belatedly raised without excusable neglect and/or are futile. Defendants assert that Plaintiff does not rely on any new evidence that would change his legal theories and his attempts to add new claims and parties at this late date will prejudice their defense and unnecessarily delay the resolution of these proceedings. (ECF No. 207).

As stated in the court's previous Order (ECF No. 184 at 2), in determining whether a party's failure to act was caused by excusable neglect, the court should consider "all relevant circumstances," including the length and reason for the delay, whether the movant is acting in good faith, and the degree of prejudice to the non-movant. *See Pioneer*

*Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Furthermore, an amendment is prejudicial if it "raises a new legal theory that would require the gathering and analysis of facts not already considered [by the defendant and] is offered shortly before or during trial." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (internal citations omitted). (*Id.*)

By way of the instant motion, Plaintiff again seeks to add a new defendant, "Chasity Schmelenback" (whose last name appears to be properly spelled "Schmelzenbach," which is how the court will refer to her henceforth) asserting a claim against her under the Fourth Amendment. Plaintiff claims that Schmelzenbach, the Director of the Noble County, Ohio Emergency Management Agency, is a "co-conspirator in the drone surveillance of Plaintiff in violation of the 4th Amendment protection . . . ." (*Id.* at 1-2). Plaintiff further asserts that such surveillance occurred over a two-year period. The court previously found that this proposed amendment is untimely and futile and nothing in the present motion and proposed amended complaint changes that ruling.

Once again, Plaintiff has not demonstrated that Schmelzenbach's identity and information concerning her alleged involvement was unavailable to him through the exercise of due diligence at the time he filed his initial complaint or his first amended complaint and, thus, he has not demonstrated excusable neglect for this belated amendment. Additionally, such amendment would be futile.

As previously stated by the court, to the extent that Plaintiff alleges that Schmelzenbach was involved in any drone surveillance of him on February 25, 2017, as he traveled on public roads in Ohio and West Virginia in a stolen vehicle, there is no recognized right to privacy under those circumstances and, thus, no valid basis for a Fourth Amendment claim. *See United States v. Knotts*, 460 U.S. 276, 281 (1983) ("A

3

person traveling in an automobile on public thoroughfares has no reasonable expectation of privacy in his movements from one place to another."); *cf Leaders of a Beautiful Struggle v. Balt. Police Dep't*, 979 F.3d 219, 231 (4th Cir. 2020) (short-term aerial surveillance capturing public movements does not violate the Fourth Amendment), *reh'g granted*, 2020 WL 7625315 (4th Cir. Dec. 22, 2020).

Moreover, any alleged surveillance of Plaintiff that occurred in Ohio prior to February 25, 2017, does not involve the current defendants, and is irrelevant to the instant case. As noted by Defendants, Plaintiff has conceded that he had no interaction with Webb or Simmons prior to the February 25, 2017 police chase in Kanawha County, West Virginia. (ECF No. 207 at 5). Thus, any cause of action against Schmelzenbach grounded in alleged surveillance of Plaintiff over a two-year period prior to February 25, 2017 arose in Ohio and should be litigated, if at all, in the courts of that state. Therefore, this proposed amendment is still untimely and futile.

Plaintiff's present motion to amend also again attempts to add a new claim against Defendants Webb and Simmons for deliberate indifference to his serious medical needs by delaying his receipt of medical treatment after they apprehended him. The court previously denied Plaintiff's attempt to raise this claim under the Eighth Amendment because he was not a sentenced prisoner at the time any related cause of action arose. Nonetheless, he again attempts, in vain, to raise this claim under the Eighth Amendment.

Because Plaintiff had just been arrested and was in pre-trial custody at the time in question, his alleged claim concerning denial of timely medical treatment would arise, if at all, under the Fourteenth Amendment, not the Eighth Amendment. *See, e.g., Martin v. Gentile,* 849 F.2d 863, 870-71 (4th Cir. 1988) (citing *City of Revere v. Mass. Gen. Hosp.,* 463 U.S. 239, 244 (1983) and *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)) (A pre-

4

trial detainee can show a due process violation by demonstrating a "deliberate indifference to serious medical needs."). By way of a separate motion, Plaintiff asks the court to liberally construe his proposed allegations, even if he has not cited to the correct applicable constitutional provisions. ("Motion for Leave to Interpret Liberally.' (ECF No. 201).

Nevertheless, even if the court were to liberally construe these allegations to be brought under the Fourteenth Amendment, Plaintiff cannot show excusable neglect for not raising such a claim sooner. Plaintiff was aware of his injuries and the alleged delay in receiving medical treatment on the night of his arrest and certainly could have obtained sufficient information to allege such a claim by acting with due diligence before he filed his initial Complaint or the Amended Complaint on which the matter is now proceeding. Thus, this proposed amendment is untimely and will not be granted.

Plaintiff also again attempts to raise a claim grounded in his own speculation that Defendants Webb and Simmons conspired to tamper with evidence by allegedly removing five shell casings from the scene where Simmons fired his weapon at the truck Plaintiff was driving. Plaintiff claims this was done to cover up the actual number of shots fired by Simmons. Plaintiff's current proposed amendment alleges that Defendants' conduct violated 42 U.S.C. §§ 1985(2) and 1986. Section 1985(2) provides as follows:

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent

> to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

42 U.S.C. § 1985.  Section 1986 provides:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

42 U.S.C. § 1986.

Plaintiff's belated proposed amendments under sections 1985 and 1986 fail to provide sufficient facts concerning the court proceedings he claims the defendants attempted to obstruct or how he suffered injury therefrom.  Section 1985(2) covers two types of conduct.  To the extent that the first part of the statute governs interference with federal court proceedings, the statute is limited to actions concerning tampering with or retaliation against parties, witnesses, and jurors.  Thus, it appears to be inapplicable to the facts of Plaintiff's case.  The second part of the statute specifically addresses obstruction of state court proceedings for the purpose of denying a citizen of equal protection, which also appears to be inapplicable here and, at any rate, Plaintiff has failed to provide sufficient facts to state a plausible claim thereunder.  Moreover, because liability under section 1986 is derivative of that under section 1985, Plaintiff's failure to

state a plausible claim under section 1985 renders his proposed amendment to add a claim under section 1986 equally specious.

Plaintiff has asserted that he could not have discovered the alleged evidence tampering until he saw the body and dash camera footage and pictures of the scene produced to him during discovery in this matter. However, even to the extent that Plaintiff could demonstrate excusable neglect with respect to such a claim under those circumstances, the undersigned finds that his allegations fail to state a plausible claim for relief under sections 1985 and 1986. Accordingly, the undersigned further finds that these proposed amendments are futile.

In light of the lengthy proceedings that have already occurred in this matter and the status of the defendants' pending motion for summary judgment, the undersigned finds that Plaintiff's proposed amendments would be prejudicial to the defense and are not sought in good faith. For all of the reasons stated herein, it is hereby **ORDERED** that Plaintiff's Motion to Amend (ECF No. 205) and his Motion for Leave to Interpret Liberally (ECF No. 201) are **DENIED**. This matter will proceed only on the Amended Complaint contained in ECF No. 8, upon which there is a pending motion for summary judgment. No further motions to amend the Amended Complaint will be entertained by the court.

### D. Motion to Hold Ruling on Motion for Sanctions in Abeyance.

On April 2, 2021, Plaintiff filed another Motion for Sanctions against Defendants. (ECF No. 200). Then, on April 6, 2021, he filed a motion requesting that, in accordance with Rule 11(c)(2) of the Federal Rules of Civil Procedure, the court hold ruling on the motion for sanctions in abeyance for 21 days to permit Defendants an opportunity to "cure" their alleged "violations." (ECF No. 203). For reasons appearing to the court, Plaintiff's Motion to Hold Ruling in Abeyance (ECF No. 203) is **GRANTED** to the extent

that the undersigned will withhold issuing a ruling on the Motion for Sanctions (ECF No. 200) until after **April 27, 2021**, which is 21 days after Plaintiff filed the motion to hold ruling in abeyance.

The Clerk is directed to mail a copy of this Order to Plaintiff and to transmit a copy to counsel of record.

ENTER: April 22, 2021

_____
Dwane L. Tinsley
United States Magistrate Judge